

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4775 | **DATE** | 6/13/2001 |
| **CASE TITLE** | JAMAAL A. BILLUPS vs. OFFICER KALEMIS | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant's motion to dismiss the complaint [10-1] is denied. Defendant to file answer to complaint on or before July 13, 2001. Status hearing held and continued to August 8, 2001 at 9:30 a.m.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUN 1 4 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | ⊕ | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING | | |
| LG | courtroom deputy's initials | | 01 JUN 13 PM 5: 58 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMAAL A. BILLUPS          )
                                 )
            Plaintiff,          )
                                 )
v.                                  )      Case No. 00 C 4775
                                 )
OFFICER KALEMIS          )
                                 )
            Defendants.       )      Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

The Plaintiff, currently an inmate at Cook County Jail Boot Camp, brought this *pro se* civil rights action pursuant to 42 U.S.C.§1983 . He claims that the defendant, Officer Kalemis, violated his constitutional rights by refusing to provide him with blankets, heat and medical attention when he was housed in Division 5 of the Cook County Jail. This matter is before the Court for consideration of the defendant Kalemis's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner,*



1

DOCKETED
JUN 1 4 2001

404 U.S. 519 (1972); *Whitford v. Boglio*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true, and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992).

## FACTS

The Plaintiff alleges the following facts, which must be taken as true for the purpose of this motion: the conditions he lived in while in the Cook County Jail Division 5, Wing 2A, from December 28, 1999, until May 2000, included sleeping on the floor for months with air conditioning on all the time, cold air leaking through the windows, no blanket or a blanket with a large hole in it; confiscation of what blankets he did have in February 2000, never to be returned; being constantly sick and cold and failing to obtain any medical care; rats running over his arms and scratching him; and finally "[e]ven in the day room, it was teeth shattering [sic] coldness..." He told Officer Kalemis about these conditions several times; and he told Plaintiff, "It won't do no good. They will only kick your ass."

## DISCUSSION

Plaintiff was a pretrial detainee while in the Cook County Jail; therefore, his claims regarding the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Tesch v. County of Green Lake*, 157 F. 3d 465, 473 (7th Cir. 1998), *citing Bell V. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause

2

or the Eighth Amendment. *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir. 1991). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Bell v. Wolfish*, 441 U.S. at 542. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). According to both *Wilson* and *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), both the objective condition and the subjective intent of defendants (deliberate indifference) must be shown in order to state a claim.

In defendant's motion, he concedes that the conditions complained of meet the objective prong of the two-part test set forth in *Wilson v. Seiter*, 501 U.S. 294 (1991). His motion is instead based on the assertion that Plaintiff's complaint fails to meet the subjective prong of the *Wilson* test, namely, that defendant acted with deliberate indifference to Plaintiff's needs.

Defendant correctly observes that Plaintiff gives scant clues about how defendant was deliberately indifferent. But he is also correct to point out the liberal standard with which this court reviews *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). All that is required is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Units*, 507 U.S. 168 (1993). Also, a plaintiff need not plead particular legal theories or particular facts in order to state a claim. *DeWalt v. Carter*, 224 F. 3d 607, 612 (1999), *citing Leatherman*, *supra*, and *Nance v. Vieregge*, 147 F. 3d 589, 590 (7th Cir. 1998).

Reviewing Plaintiff's complaint with these standards in mind, Plaintiff did say that when he spoke with defendant on several occasions, he was told, "It won't do no good. They will only kick

3

your ass." This allegation shows that there were several contacts with defendant and that the one response he gave was certainly not one showing concern for the alleged deplorable conditions of Plaintiff's confinement but rather seems a callous response to Plaintiff's needs. Thus, he has managed to allege that defendant had knowledge of his condition and did nothing to help, and, instead, basically told him that the gangs are in control. Since, among other things, it was the officers who Plaintiff alleges confiscated blankets, and not the gangs, this hardly seems like an adequate response to Plaintiff's plight. Rather, it appears to be a response showing callous disregard to Plaintiff's suffering.

The Court has determined that Plaintiff's pleading on the issue of deliberate indifference is sufficient to state a claim. Further, when a case is brought in this court, the first order of business is a review of the claim using the same criteria as Fed.R.Civ.P. 12(b)(6). *See* 28 U.S.C.§ 1915(e)(2)(B). The Court reviewed the pleading then, and reviews it again now, and comes to the same conclusion: that Plaintiff's complaint, albeit brief and inarticulate, does, on its face, state a claim for relief. The Court makes no comment on whether or not Plaintiff will be able to prove this claim, but such a determination cannot be made on a motion to dismiss.

## CONCLUSION

It is therefore ordered that the motion to dismiss is denied.

Dated: June 13, 2001

JOHN W. DARRAH
United States District Judge

4